ETHEL RAYE GILSON, complainant-respondent,

*v.*

HARRY W. GILSON, defendant-appellant.

[Submitted October term, 1936.  Decided January 22d, 1937.]

*Mr. Herbert Clark Gilson,* for the appellant.

*Messrs. Major, Back & Carlsen (Mr. James A. Major,* of counsel), for the respondent.

The opinion of the court was delivered by

HEHER, J.

On February 6th, 1934, a final decree was entered in favor of the wife in this suit for separate maintenance.  On June 28th, 1935, the defendant husband was awarded, in an independent proceeding, a final decree of absolute divorce on the ground of the wife's adultery committed on January 19th, 1935.  She married the co-respondent a few days thereafter.

On July 18th, 1935, after the entry of the final decree of divorce, the complainant herein moved that the defendant be

adjudged in contempt for failure to make the payments of alimony prescribed by the decree for maintenance. On October 11th, 1935, an order was entered denying this motion, with leave to complainant to renew the application "with regard to the arrearages due and unpaid between February 5th, 1934, and June 28th, 1935, upon a change of the financial condition of the defendant."

On October 16th, 1935, the defendant served notice of a motion before another advisory master "for an order vacating the final decree in the above entitled cause as of the 19th day of January, 1935, on the ground that the complainant committed adultery on said day;" and, on December 11th, 1935, after hearing, this motion was denied with costs, including a counsel fee. Defendant appeals from this order. The advisory master ruled that this application "is concededly the same application as was made to Advisory Master Stafford;" that "it is apparent that Advisory Master Stafford disposed of the identical application for relief that is here submitted to me;" and that "if Mr. Gilson was aggrieved at such disposition his remedy was by appeal."

This was an erroneous disposition. There is obviously an essential difference between the application to hold appellant in contempt for failure to comply with the decree for maintenance and his application to vacate that decree on the ground of the respondent's adultery. It was appellant's right to have a decision of the latter application. In the event of a willful disobedience of the mandate of the decree, relief might well be denied. But there was a formal adjudication of this issue in his favor. It was predicated on a finding of financial incapacity. At all events, he was entitled to a determination of his asserted right to a vacation of the decree. He was not aggrieved by the order denying the motion to adjudge him in contempt, and there was therefore nothing to serve as the basis of an appeal. He was not obliged to await the renewal of the application and its determination before seeking the relief prayed.

The order appealed from is accordingly reversed, and the cause remanded for further proceedings in conformity with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.   13.